UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS ZACHARY PETERS,

    Plaintiff,

v.                                                                         Hon. Robert J. Jonker

BRANDON WILLIAM PETERS,                  Case No. 1:24-cv-1150

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff Thomas Zachary Peters, an individual currently incarcerated with the State of Wisconsin Department of Corrections, filed a complaint in this case on October 31, 2024, against his cousin Brandon William Peters alleging claims of sexual assault and defamation based on events that occurred between 1988 and 1995. (ECF No. 1 at PageID.1–3.) Plaintiff alleges that the Court has jurisdiction over this matter based on federal question jurisdiction, 28 U.S.C. § 1331, and diversity of citizenship, 28 U.S.C. § 1332(a).

Having granted Plaintiff's motion to proceed as a pauper (ECF No. 5), I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. After conducting this review, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

### I. Background

Plaintiff alleges that he and Defendant, who currently resides in Michigan, are first cousins. Defendant is three and a half years older than Plaintiff. (*Id.* at PageID.1.) Plaintiff alleges that between 1988 and 1995, Defendant sexually assaulted him at various locations within this district. Such acts included providing Plaintiff explicit pornographic magazines and videos, inappropriate

touching/fondling/masturbation of Plaintiff, performing and receiving oral sex, and digital penetration and sodomy. (*Id.* at PageID.2.) Plaintiff alleges that Defendant groomed him during this period, rewarding his silence with money or inclusion in various events and activities. Plaintiff alleges that, if he resisted, Defendant would use physical force on Plaintiff. Defendant also threatened that, if Plaintiff revealed Defendant's acts, Plaintiff would be taken into juvenile custody for being a "homo" and a "snitch" and that their grandfather, a local pastor, would lose his career and likely disown Plaintiff. (*Id.*)

Plaintiff further alleges that, during and following these events, Defendant defamed him to others and fabricated information about him. (*Id.* at PageID.3.) As a result of these acts, Plaintiff suffers from multiple psychological conditions, including but not limited to, post-traumatic stress disorder, obsessive compulsive disorder, adjustment disorder, panic disorder, and paranoia. (*Id.*) In addition, he requires a substantial amount of medication and is prone to panic attacks. (*Id.*) For relief, Plaintiff seeks damages up to the statutory limit of $150,000.00 and punitive damages in the amount of $300,000.00, and payment of all past and future medical costs. Finally, Plaintiff requests injunctive relief directing Defendant issue a statement describing these past acts to all faculty, students, and parents at the school where Defendant teaches. (*Id.* at PageID.4.)

## II. Applicable Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

Because Plaintiff is proceeding pro se, the Court must construe his pleading more liberally than it does for pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But this liberal pleading standard "is not without its limits, and does not 'abrogate basic pleading essentials in pro se suits.'" *Clark v. Johnston*, 413 F. App'x 804, 817 (6th Cir. 2011) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Stated differently, "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). To require otherwise "would not only strain judicial resources . . . but would also transform the district court from its legitimate advisory role to the improper role of an advocate

3

seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. Discussion

### A.     Federal Claim

Plaintiff alleges that one of his claims arises under federal jurisdiction based on 18 U.S.C. §§ 2241(c) and 2255.[1] (*Id.* at PageID.2.) Section 2241(c) is a criminal statute that sets forth the elements of aggravated sexual abuse of a child, while Section 2255(a) provides a private right of action to remedy violations of Section 2241(c). *See W.L. v. Zirus*, No. SA-19-CV-00607, 2020 WL 6703238, at *5 (W.D. Tex. Nov. 12, 2020), *report and recommendation adopted*, 2021 WL 2470362 (W.D. Tex. Jan. 12, 2021). While Plaintiff could conceivably bring a claim under Section 2255(a) based on a violation of Section 2241(c), he fails to state a claim because that offense, as it could possibly pertain to Plaintiff's situation, requires that the defendant "cross[] a State line with intent to engage in a sexual act with a person who has not attained the age of 12 years . . . ." Plaintiff's allegations fail to establish this element. Rather, all of the sexual abuse took place in Michigan, where Plaintiff and Defendant both lived. Plaintiff alleges no fact suggesting that Defendant crossed a State line to engage in a sexual act with Plaintiff. Thus, because this element is absent, Plaintiff fails to state a claim under Section 2255(a).

### B.     State-Law Claims

#### 1.     Sexual Assault

Plaintiff also brings a state-law claim for sexual assault for criminal sexual conduct, in violation of Mich. Comp. Laws § 750.520b. Conduct amounting to criminal sexual conduct can support a civil tort action for sexual assault in Michigan. *See Lemmerman v. Fealk*, 534 N.W.2d

---

[1] Plaintiff mistakenly cites 18 U.S.C § 2241(c) as 18 U.S.C. § 2142(c).

695, 696-98 (1995). While Plaintiff sets forth sufficient allegations to support this claim, it is subject to dismissal because it is barred by the statute of limitations. The statute of limitations is an affirmative defense that is generally resolved on a motion for summary judgment. Where, as here, an affirmative defense is apparent from the face of the complaint, a district court may dismiss the claim or complaint for failure to state a claim. *See Franklin v. Fisher*, No. 16-6464, 2017 WL 4404624, at *2 (6th Cir. 2017) ("The district court properly dismissed Franklin's complaint for failure to state a claim upon which relief may be granted because it is obvious from the face of her complaint that almost all of her claims are barred by the applicable statute of limitations."); *Marsh v. Ford Motor Co.*, No. 89-3111, 1989 WL 113894, at *1 (6th Cir. Oct. 2, 1989) ("Dismissal of plaintiff's complaint based upon the affirmative defense of the statute of limitations was proper because it is obvious from the face of the complaint.") (citing *Yellen v. Cooper*, 828 F.2d 1471, 1475–76 (10th Cir. 1987)).

At the time Defendant committed the alleged acts on Plaintiff, the applicable statute of limitations was three years. Mich. Comp. Laws § 600.5805(8), as amended by 1988 PA 115 (now Mich. Comp. Laws § 600.5805(2)); *see McLain v. Roman Catholic Diocese of Lansing*, No. 165741, ___ N.W. 3d ___, 2024 WL 3363931, at *6 (Mich. St. Ct. July 10, 2024). In addition, because Plaintiff was a minor at the time of these acts, he had one year from the date he reached the age of 18 to bring an action if the three-year limitations period had expired prior to that time. Mich. Comp. Laws § 600.5851. Because the claim accrued at the time of the sexual assault, the statute of limitations expired many years ago. *Id.* at *11.

In 2018, the Michigan Legislature enacted Mich. Comp. Laws § 600.5851b in the wake of the well-publicized Larry Nassar criminal sexual conduct convictions. The statute did two things. First, it extended the statute of limitations for a minor to file an action based on sexual assault from

age 19 to age 28. Mich. Comp. Laws § 600.5851b(1)(a). Second, it created a discovery rule for tolling of future sexual assault claims, allowing such claims "[t]hree years after the date the individual discovers, or through the exercise of reasonable diligence should have discovered, both the individual's injury and the causal relationship between the injury and the criminal sexual conduct." Mich. Comp. Laws § 600.5851(1)(b). While Plaintiff might argue that he is entitled to the benefit of this discovery rule, in its recent decision in *McLain*, *supra*, the Michigan Supreme Court held that "it does not apply retroactively to resuscitate lapsed claims premised on past acts of criminal sexual conduct." 2024 WL 3363931, at *1. Because the plaintiff in *McLain*, like Plaintiff here, was assaulted almost 30 years ago, his claim was untimely.[2] *Id.* The same is thus true of Plaintiff's claim.

### 2. Defamation

Plaintiff fails to state a viable defamation claim because he does not identify with specificity "the exact language that [he] alleges to be defamatory." *Ghanam v. Does*, 303 Mich. App. 522, 543 (2014). "[A] defamation plaintiff must plead with specificity who published the defamatory statement, when it was published, and, most importantly, a plaintiff must identify the precise materially false statement published." *Rouch v. Enquirer & News of Battle Creek Mich.*, 487 N.W.2d 205, 220 (1992) (Riley, J., concurring) (citing *MacGriff v. Van Antwerp*, 41 N.W.2d 524, 526 (1950)). Plaintiff did not allege the exact language Defendant used that Plaintiff alleges was defamatory. He simply refers to "harmful, fabricated information concerning the Plaintiff." (ECF No. 1 at PageID.3.) Such a conclusory allegation is insufficient to state a defamation claim.

---

[2] I find a choice of law analysis unnecessary because Wisconsin's statute of limitations applicable to child sexual assault provides that an action "shall be commenced before the injured party reaches the age of 35 years or be barred." Wis. Stat. § 893.587. Because Plaintiff is beyond age 35, his claim would also be untimely under Wisconsin law.

The claim must also be dismissed as untimely. In Michigan, the statute of limitations for claims of libel and slander is one year. *Nichols v. Moore*, 334 F. Supp. 2d 944, 948 (E.D. Mich. 2004), *aff'd*, 477 F.3d 396 (6th Cir. 2007) (citing Mich. Comp. Laws §§ 600.5805(1), (11)). A claim accrues "at the time the wrong upon which the claim is based was done regardless of the time when damage results." Mich. Comp. Laws § 600.5827. Plaintiff alleges that Defendant made the alleged defamatory statements "[d]uring and following the events described" in the complaint. (*Id.*) Given these allegations, it is clear that the statute of limitations on any defamation claim Plaintiff might have against Defendant expired long ago.[3]

### III. Conclusion

While Plaintiff's allegations, if true, are certainly troubling, for the foregoing reasons, he fails to state a claim under federal law, and his state-law claims are clearly time-barred. Accordingly, I recommend that the Court dismiss Plaintiff's complaint for failure to state a claim.

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $605.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

---

[3] The statute of limitations for claims of libel and slander in Wisconsin is three years. Wis. Stat. § 893.57.

Date:  November 6, 2024 /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

8