UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS ZACHARY PETERS,

      Plaintiff,

v.                                                                    Hon. Robert J. Jonker

BRANDON WILLIAM PETERS,                         Case No. 1:24-cv-1150

      Defendant.

**REPORT AND RECOMMENDATION**

This matter is before me on remand from the Honorable Robert J. Jonker for screening consideration of Plaintiff's Amended Complaint. For the following reasons, I recommend that Plaintiff's federal claim under 18 U.S.C. §§ 2241(c) and 2244 be allowed to proceed and served on Defendant, but that Plaintiff's state-law sexual assault and defamation claims be dismissed.

Plaintiff filed his complaint in this action against Defendant, his cousin, on October 31, 2024, alleging one federal and two state-law claims arising out of Defendant's alleged sexual assaults of Plaintiff between 1988 and 1995. His federal claim, brought under 18 U.S.C. §§ 2241(c) and 2255, asserted a civil cause of action based on the federal criminal elements of aggravated sexual abuse of a child. His state-law claims were for sexual assault and defamation. (ECF No. 1.)

On November 6, 2024, having granted Plaintiff's motion to proceed as a pauper, I conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2). In a Report and Recommendation (R&R) issued the same date (ECF No. 6), I recommend that: (1) the federal-law claim be dismissed because Plaintiff failed to allege that Defendant crossed a State line to engage in a sexual act with Plaintiff; (2) the state-law sexual assault claim be dismissed as untimely; and (3) the defamation claim be dismissed as both insufficiently pled and untimely. (*Id.* at PageID.19–22.) On November 19, 2024, Plaintiff filed an Objection to the R&R and an Amended Complaint.

(ECF Nos. 7 and 8.) Like his original complaint, Plaintiff's Amended Complaint alleges a federal claim under 18 U.S.C. §§ 2241 and 2255 and state-law sexual assault and defamation claims.

Having reviewed Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2), I conclude that Plaintiff has alleged sufficient facts to cure the pleading deficiency in the federal claim cited in the R&R. As for the state-law claims, I adopt and incorporate by reference my analysis set forth in the R&R explaining why those claims are subject to dismissal. The Amended Complaint does not cure the identified defects warranting dismissal. In fact, in his Objection, Plaintiff concedes that his Amended Complaint fails to remedy the defects in the state-law claims set forth in the R&R. (ECF No. 7 at PageID.25.) He thus "respectfully withdraw[s]" those claims. (*Id.*)

Accordingly, for the foregoing reasons, I recommend that the Court allow Plaintiff's federal claim to proceed and direct that the clerk forward a summons and copy of the complaint to the U.S. Marshals Service for service on Defendant under 28 U.S.C. § 1915(d). I further recommend that the state-law claims be dismissed with prejudice.


Date: November 27, 2024                    /s/ Sally J. Berens
                                           SALLY J. BERENS
                                           U.S. Magistrate Judge


OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).